UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

-vs-                                                                          Case No. 5:11-cr-20-Oc-10TBS

DEMUNTRAY D. COX

ORDER

On July 6, 2011, counsel filed the defendant's Motion to Have Defendant Examined for Competency to Stand Trial. The motion was based in part on an examination of the defendant by Harry Krop, Ph.D., Director of Community Behavioral Services, Gainesville, Florida on March 27, 2011. Dr. Krop had found the defendant met diagnostic criteria for Schizophrenia, Paranoid Type, and was incompetent to proceed to trial. (Doc. 14). In its response to the motion (Doc. 19), the Government expressed its belief that the defendant was competent but said in light of Dr. Krop's report, it would be prudent to obtain a second evaluation of the defendant. On July 20, 2011, the Court entered its Order (Doc. 20), granting the defendant's motion. The Court ordered that the defendant be examined pursuant to 18 U.S.C. § 4241(b) to determine whether he is presently suffering from a mental disease or defect of the minding rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or assist properly in his defense.

The defendant was examined by David M. Szyhowski, Psy.D. and Jason V. Dana, Psy.D. at the Federal Bureau of Prisons, Metropolitan Detention Center in Chicago, Illinois. The doctors have completed their work and issued their written forensic report ("Report") dated November 15, 2011. Their opinion is that presently, the defendant is competent to stand trial.

On December 22, 2011, the Court conducted a competency hearing in open court per 18 U.S.C. § 4247(d). The defendant was represented by counsel. At the hearing, the defendant's attorney stipulated on the record that the defendant accepts the findings in the Report. The Court examined the defendant under oath and he confirmed that he had read the Report,

discussed it with his attorney, and that he agreed with his attorney's stipulation. On this record, the Court finds the defendant is mentally competent to stand trial.

This finding by the Court shall not prejudice the defendant in raising the issue of his insanity as a defense to the offenses charged and is not admissible in evidence in a trial for the offenses charged. 18 U.S. C. § 4241(f).

DONE and ORDERED in Ocala, Florida on December 23, 2011.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

    Maurya McSheey, Courtroom Deputy
    United States Marshal
    United States Attorney
    United State Probation Office
    United States Pretrial Services
    Counsel for Defendant
    United States Pretrial Services